

# IN THE
# TENTH COURT OF APPEALS

### No. 10-12-00070-CV

**LINDA LEWIS AND ALICIA LEWIS,**

**Appellants**

 **v.**

**WAXAHACHIE DAILY LIGHT DBA WAXAHACHIE NEWSPAPERS, INC., AMERICAN CONSOLIDATED MEDIA INC. JEREMY HALBREICH, DENISE LYTLE, NEAL WHITE, JOANN LIVINGSTON, AND RAY PIKE,**

**Appellees**

From the 40th District Court
Ellis County, Texas
Trial Court No. 83824

## MEMORANDUM OPINION

Linda Lewis and Alicia Lewis appeal the trial court's order granting summary judgment in favor of Waxahachie Daily Light DBA Waxahachie Newspapers Inc., American Consolidated Media Inc., Jeremy Halbreich, Denise Lytle, Ray Pike, Neal White, and Joann Livingston (collectively referred to as Waxahachie Daily Light). We affirm.

Waxahachie Daily Light moved for summary judgment on the affirmative defenses of limitations and statutory privilege. The trial court did not state the ground on which it based the summary judgment. On appeal, Linda and Alicia make nine statements under the heading, "Issues Presented," most of which are randomly restated in two issues in their brief. None of the statements address why the trial court's summary judgment was erroneous on either of the grounds asserted by Waxahachie Daily Light.[1] "When the trial court does not specify the basis for its summary judgment, the appealing party must show it is error to base it on any ground asserted in the motion." *Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995). Linda and Alicia do not complain either in their initial brief or in their reply brief that the trial court erred in granting summary judgment on Waxahachie Daily Light's privilege defense. Accordingly, Linda's and Alicia's "issues" are overruled. *See Van Horn v. Keefer*, No. 10-12-00106-CV, 2012 Tex. App. LEXIS 9115 (Tex. App.—Waco Nov. 1, 2012, no pet.) (mem. op.); *Gill v. McRae*, No. 10-11-00378-CV, 2012 Tex. App. LEXIS 8592 (Tex. App.—Waco Oct. 11, 2012, no pet.) (mem. op.).

The trial court's judgment is affirmed.

Absent a specific exemption, the Clerk of the Court must collect filing fees at the time a document is presented for filing. TEX. R. APP. P. 12.1(b); Appendix to TEX. R. APP. P., Order Regarding Fees (Amended Aug. 28, 2007, eff. Sept. 1, 2007). *See also* TEX. R.

---

[1] In their reply brief, Linda and Alicia address why they believe the trial court erred in granting summary judgment on Waxahachie Daily Light's limitations defense.

APP. P. 5; 10TH TEX. APP. (WACO) LOC. R. 5; TEX. GOV'T CODE ANN. §§ 51.207(b); 51.208 (West Supp. 2012); § 51.941(a) (West 2005). Under these circumstances, we suspend the rule and order the Clerk to write off all unpaid filing fees in this case. TEX. R. APP. P. 2. The write-off of the fees from the accounts receivable of the Court in no way eliminates or reduces the fees owed.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed May 2, 2013
[CV06]